Crew III, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 31, 2001, which rejected claimant’s request for the recalculation of interest and penalties.
Claimant was rendered a quadriplegic as a result of a 1972 work-related accident and classified as permanently totally disabled. Following a determination that his workers’ compensation benefits should include reimbursement for home-care service expenses, a Workers’ Compensation Law Judge (hereinafter WCLJ), by notice of decision filed September 20, 1988, directed the carrier to audit and reimburse such expenses at the rate of $9.50 per hour. A dispute thereafter arose as to, inter alia, whether claimant actually was receiving the home-care services at issue and, as a result, the workers’ compensation carrier withheld various payments. By notice of decision filed August 10, 1997, a WCLJ rejected the alleged fraud claim and directed the carrier to pay the outstanding home-care expenses. That decision was upheld by the Workers’ Compensation Board on December 21, 1998. Although claimant’s subsequent request for interest and penalties was granted, the Board determined that such interest should be calculated from December 21, 1998, the date upon which the Board directed payment of the outstanding home-care expenses by the carrier, as opposed to September 20, 1988, the date upon which such services were authorized. Claimant now appeals, contending that the Board erred with respect to the date from which the interest due would be measured.
We affirm. Except in circumstances not relevant here, “all awards of the board shall draw simple interest from thirty days after the making thereof at the rate provided in [CPLR 5004]” (Workers’ Compensation Law § 20 [1]). As the foregoing language plainly indicates, however, there must first be an actual award. In this regard, the Board correctly observed that “the WCLJ decision filed September 20, 1988 authorized ongoing home care services to be reimbursed at the rate of $9.50 per hour for the amount of home care provided with a direction that the home care provider submit monthly statements of the *647 services rendered. No award for home care services to be subsequently rendered was or could have been made in that decision.” As our review of that decision and the record as a whole confirms the Board’s findings in this regard, we are unable to discern any basis upon which to disturb the Board’s decision. Claimant’s remaining contentions have been examined and found to be lacking in merit.
Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.